FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 03, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| REBECCA ANN W., | NO: 4:22-CV-5060-RMP |
| Plaintiff, | |
| v. | ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

BEFORE THE COURT, without oral argument, are cross-motions for

summary judgment from Plaintiff Rebecca Ann W.[1], ECF No. 10, and Defendant the

Commissioner of Social Security (the "Commissioner"), ECF No. 11. Plaintiff

seeks judicial review, pursuant to 42 U.S.C. §§ 405(g) of the Commissioner's denial

of her claim for Social Security Income ("SSI") under Title XVI of the Social

Security Act (the "Act"). *See* ECF No. 10 at 2.

---

[1] In the interest of protecting Plaintiff's privacy, the Court uses Plaintiff's first
name and last initial.

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS ~ 1

Having considered the parties' motions, the administrative record, and the applicable law, the Court is fully informed.  For the reasons set forth below, the Court grants in part Plaintiff's Motion for Summary Judgment, denies summary judgment for the Commissioner, and remands for further proceedings.

## BACKGROUND

### *General Context*

Plaintiff applied for SSI on September 4, 2019, alleging an onset date of January 1, 2014.  Administrative Record ("AR")[2] 201.  Plaintiff was 34 years old on the alleged disability onset date and asserted that she was unable to work due to physical and mental health impairments, including bipolar disorder, depression, anxiety, post-traumatic stress disorder, chronic pain, and a hernia.  AR 227.  Plaintiff's application was denied initially and upon reconsideration, and Plaintiff requested a hearing.  *See* AR 145–47.

On February 19, 2021, Plaintiff appeared for a hearing held by Administrative Law Judge ("ALJ") Stewart Stallings in Spokane, Washington.  AR 61–63.  The hearing was held by teleconference due to the extraordinary circumstances presented by the novel coronavirus (COVID-19) pandemic.  AR 63.  Plaintiff was represented by counsel Sidney Ottem.  AR 36.  The ALJ heard from Plaintiff as well as

---

[2] The Administrative Record is filed at ECF No. 8.

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS ~ 2

vocational expert Marilyn Thomas, who participated telephonically.  AR 33−65.

ALJ Stallings issued an unfavorable decision on April 16, 2021, and the Appeals

Council denied review.  AR 1−6, 27, 50.

***ALJ's Decision***

Applying the five-step evaluation process, ALJ Stallings found:

**Step one:** Plaintiff has not engaged in substantial gainful activity since July

26, 2019, the application date.  AR 42.

**Step two:** Plaintiff has the following severe impairments that are medically

determinable and significantly limit her ability to perform basic work activities:

"obesity (350+ pounds); cervicalgia/cervical radiculopathy; lumbar

radiculopathy/sciatica; hernia, status post repair; history of right shoulder

impingement; depression; posttraumatic stress disorder (PTSD); and borderline

personality disorder[,]" pursuant to 20 C.F.R. § 416.920(c).  AR 42.  The ALJ found

that Plaintiff further has "[i]ndications of hypertension, hypothyroidism, vitamin

D deficiency, chronic sinusitis, and high cholesterol," but that these impairments are

not severe and are merely listed as being part of Plaintiff's medical history, without

any evidence that Plaintiff required "specific or significant treatment for any of these

listed conditions during the adjudication period, or that they individually or

collectively ever posed any significant limitations on the claimant's ability to

perform basic work related [sic] activities."  AR 42.

**Step three:** The ALJ concluded that Plaintiff does not have an impairment, or combination of impairments, that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925, and 416.926).  AR 42.  In reaching this conclusion, the ALJ considered whether Plaintiff's impairments meet the musculoskeletal listings under 1.00, the neurological listings under 11.00, and the mental health listings under 12.00.  AR 43.  With respect to Plaintiff's mental health impairments, the ALJ considered the "paragraph B" criteria and found that Plaintiff lacked the requisite extreme limitation, or two marked limitations, in a broad area of functioning.  AR 43.  Rather, the ALJ found Plaintiff to have a moderate limitation in: interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself.  AR 43–44.  The ALJ further determined that the "paragraph C" criteria also are not satisfied.  AR 44.

**Residual Functional Capacity ("RFC"):** The ALJ found that Plaintiff has the RFC to perform light work as defined in 20 C.F.R. § 416.967(b), subject to several restrictions.  AR 44.  Plaintiff can only stand and/or walk for up to four hours per eight-hour workday.  Plaintiff requires a sit/stand option, defined as a change from a standing position or seated position, or vice-versa, approximately every thirty minutes for about five minutes while remaining at the workstation.  Alternatively, sit/stand at will is suitable.  Plaintiff cannot climb ladders, ropes, or scaffolds.

Plaintiff can occasionally climb ramps and stairs; can occasionally stoop; cannot crouch, kneel, or crawl; and can reach overhead fully extended occasionally with the right upper extremity. Plaintiff cannot work around moving or dangerous machinery or at unprotected heights; is limited to simple, routine, repetitive work with no more than brief, superficial interaction with the public or co-workers; and can have occasional interaction with supervisors. AR 44.

In determining Plaintiff's RFC, the ALJ found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her alleged symptoms "are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." AR 45.

**Step four:** The ALJ found that Plaintiff has no past relevant work. AR 45 (citing 20 C.F.R. § 416.965).

**Step five:** The ALJ found that Plaintiff has a limited education[3]; was 39 years old, which is defined as a younger individual (age 18-49), on the date the application was filed; and that transferability of job skills is not material to the determination of disability because Plaintiff does not have past relevant work. AR 48 (citing 20 C.F.R. §§ 416.963, 416.964, 416.968). The ALJ found that given Plaintiff's age, education, work experience, and RFC, Plaintiff can make a successful adjustment to

---

[3] The record indicates that Plaintiff completed high school and some community college. AR 68.

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS ~ 5

other work that exists in significant numbers in the national economy.  AR 48–49.

Specifically, the ALJ recounted that the VE identified the following representative

occupations that Plaintiff would be able to perform with the RFC: Office Helper

(light, unskilled, with around 120,000 jobs nationally); Mail Clerk (light, unskilled

work, with around 23,000 jobs nationally); and Small Products Assembler (light,

unskilled work with around 80,000 jobs nationally).  AR 49.  The ALJ concluded

that Plaintiff has not been disabled within the meaning of the Act at any time from

July 26, 2019, through the date of the ALJ's decision.  AR 49.

Through new counsel, D. James Tree, Plaintiff sought review before this

Court.  ECF No. 1.

## LEGAL STANDARD

### *Standard of Review*

Congress has provided a limited scope of judicial review of the

Commissioner's decision. 42 U.S.C. § 405(g).  A court may set aside the

Commissioner's denial of benefits only if the ALJ's determination was based on

legal error or not supported by substantial evidence.  *See Jones v. Heckler*, 760 F.2d

993, 995 (9th Cir. 1985) (citing 42 U.S.C. § 405(g)).  "The [Commissioner's]

determination that a claimant is not disabled will be upheld if the findings of fact are

supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir.

1983) (citing 42 U.S.C. § 405(g)).  Substantial evidence is more than a mere

scintilla, but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); *McCallister v. Sullivan*, 888 F.2d 599, 601–02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" also will be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the court considers the record, not just the evidence supporting the decisions of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989).

A decision supported by substantial evidence still will be set aside if the proper legal standards were not applied in weighing the evidence and making a decision. *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229–30 (9th Cir. 1987).

### *Definition of Disability*

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or

can be expected to last for a continuous period of not less than 12 months." 42

U.S.C. § 423(d)(1)(A).  The Act also provides that a claimant shall be determined to

be under a disability only if her impairments are of such severity that the claimant is

not only unable to do her previous work, but cannot, considering the claimant's age,

education, and work experiences, engage in any other substantial gainful work

which exists in the national economy.  42 U.S.C. § 423(d)(2)(A).  Thus, the

definition of disability consists of both medical and vocational components. *Edlund*

*v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

### *Sequential Evaluation Process*

The Commissioner has established a five-step sequential evaluation process

for determining whether a claimant is disabled.  20 C.F.R. § 416.920.  Step one

determines if she is engaged in substantial gainful activities.  If the claimant is

engaged in substantial gainful activities, benefits are denied.  20 C.F.R. §§

416.920(a)(4)(i), 404.1520(a)(4)(i).

If the claimant is not engaged in substantial gainful activities, the decision

maker proceeds to step two and determines whether the claimant has a medically

severe impairment or combination of impairments.  20 C.F.R. §§ 416.920(a)(4)(ii),

404.1520(a)(4)(ii).  If the claimant does not have a severe impairment or

combination of impairments, the disability claim is denied.

1    If the impairment is severe, the evaluation proceeds to the third step, which

2    compares the claimant's impairment with listed impairments acknowledged by the

3    Commissioner to be so severe as to preclude any gainful activity.  20 C.F.R. §§

4    416.920(a)(4)(iii), 404.1520(a)(4)(iii); *see also* 20 C.F.R. § 404, Subpt. P, App. 1.  If

5    the impairment meets or equals one of the listed impairments, the claimant is

6    conclusively presumed to be disabled.

7    If the impairment is not one conclusively presumed to be disabling, the

8    evaluation proceeds to the fourth step, which determines whether the impairment

9    prevents the claimant from performing work that she has performed in the past.  If

10    the claimant can perform her previous work, the claimant is not disabled.  20 C.F.R.

11    §§ 416.920(a)(4)(iv), 404.1520(a)(4)(iv).  At this step, the claimant's RFC

12    assessment is considered.

13    If the claimant cannot perform this work, the fifth and final step in the process

14    determines whether the claimant is able to perform other work in the national

15    economy considering her residual functional capacity and age, education, and past

16    work experience.  20 C.F.R. §§ 416.920(a)(4)(v), 404.1520(a)(4)(v); *Bowen v.*

17    *Yuckert*, 482 U.S. 137, 142 (1987).

18    The initial burden of proof rests upon the claimant to establish a prima facie

19    case of entitlement to disability benefits.  *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th

20    Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The initial burden

21

1  is met once the claimant establishes that a physical or mental impairment prevents

2  her from engaging in her previous occupation.  *Meanel*, 172 F.3d at 1113.  The

3  burden then shifts, at step five, to the Commissioner to show that (1) the claimant

4  can perform other substantial gainful activity, and (2) a "significant number of jobs

5  exist in the national economy" which the claimant can perform.  *Kail v. Heckler*, 722

6  F.2d 1496, 1498 (9th Cir. 1984).

7                                    **ISSUES ON APPEAL**

8       The parties' motions raise the following issues regarding the ALJ's decision:

9       1.      Did the ALJ erroneously reject Plaintiff's subjective complaints?

10      2.      Did the ALJ erroneously evaluate the medical opinion evidence?

11  ***Subjective Symptom Testimony***

12      Plaintiff first argues that the ALJ harmfully erred by failing to articulate how

13  Plaintiff's activities translate to light work.  ECF No. 10 at 3.  Plaintiff faults the

14  ALJ for finding that she "'appeared to minimize her activities of daily living [ADLs]

15  during testimony,'" when Plaintiff's statements that she could take care of personal

16  needs, do chores, help her children get ready for online school, shop, get along with

17  authority, and follow written/spoken instructions" are consistent with the records

18  that the ALJ cited in his decision.  *Id.* at 5 (citing AR 45, 243–50, 351–63).  Second,

19  Plaintiff posits that the ALJ did not uphold his obligation to develop the record,

20  where the earliest dated record is from December 2018, although Plaintiff asserted

21

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS ~ 10

1   that her disability began in January 2014.  *Id.* at 8.  Plaintiff acknowledges that the

2   record is scant in part because she has barriers to pursuing treatment but asserts that

3   the Commissioner requested records from where Plaintiff was most recently treated,

4   Comprehensive Mental Health, for an incorrect timeframe.  *Id.* at 7 (citing AR 316,

5   319, 328, 350).  Plaintiff adds that a 2019 physical therapy treatment note indicates

6   that further treatment was provided, but the record lacks those documents.  *Id*. at 7–8

7   (citing AR 392, 397, 427).  Plaintiff asserts it is erroneous for the ALJ to discount

8   Plaintiff's testimony on an incomplete record.  *Id.* at 8 (citing *Sims v. Apfel*, 530 U.S.

9   103, 110–11 (2000) ("Social Security proceedings are inquisitorial rather than

10  adversarial.  It is the ALJ's duty to investigate the facts and develop the arguments

11  both for and against granting benefits.").

12      Third, Plaintiff argues that the ALJ wrongly discounted Plaintiff's testimony

13  based on her failure to make lifestyle modifications, which are not categorized as

14  prescribed treatment by the Social Security rules.  *Id.* at 8–9 (citing AR 46, 333; SSR

15  18-3p).  Furthermore, Plaintiff argues, her mental health issues manifest in part in

16  the form of pain avoidance, so she experiences advice to modify behavior that she

17  may engage in to reduce pain as criticism to which "'she really can't listen

18  reasonably.'"  *Id.* at 9 (citing AR 33 and quoting from AR 125 (boldface in

19  Plaintiff's brief removed)).  Plaintiff also points out that she took the psychiatric

20  medication that was prescribed to her and spoke with a behavioral health

21

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS ~ 11

1   psychologist, contrary to the ALJ's finding that Plaintiff was resistant to psychiatric

2   medications or counseling.  *Id.* (citing AR 46, 328, 333, 364).

3       The Commissioner responds that the ALJ gave three legally sufficient reasons

4   for discounting Plaintiff's symptom testimony: (1) that Plaintiff's allegations of

5   disabling physical impairments were incompatible with the evidence showing that

6   Plaintiff's impairments improved and were reasonably controlled with treatment

7   once Plaintiff eventually agreed to take antidepressants and "stick to recommended

8   treatments"; (2) that Plaintiff's daily activities, including her ability to attend to her

9   personal care, prepare meals, wash dishes, do laundry, sweep, vacuum, mop, shop,

10  and drive, are inconsistent with her symptoms; and (3) that Plaintiff's treatment

11  records undermine the seriousness of her complaints, as Plaintiff's physical

12  examinations were mostly unremarkable.  ECF No. 11 at 4 (citing AR 45–46, 244–

13  49, 321, 325, 328, 333–34, 336, 338, 340, 354, 360–61, 364, 367, 371, 384, 438).

14  With respect to Plaintiff's daily activities, the Commissioner adds, "The record also

15  showed that Plaintiff cared for two school-aged children, which is significant

16  because another court recognized what is known to every parent – '[t]here are few

17  activities more physically exhausting than caring for children.'"  *Id.* at 5 (quoting

18  *Roybal v. Colvin*, No. 14-cv-1619-RAL, available at 2015 WL 5797100, *4, 2015

19  U.S. Dist. LEXIS 134959, at *10 (W.D. Wash. October 2, 2015)).

20

21

1    In deciding whether to accept a claimant's subjective pain or symptom

2  testimony, an ALJ must perform a two-step analysis. *Smolen v. Chater*, 80 F.3d

3  1273, 1281 (9th Cir. 1996). First, the ALJ must evaluate "whether the claimant has

4  presented objective medical evidence of an underlying impairment 'which could

5  reasonably be expected to produce the pain or other symptoms alleged.'"

6  *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v.*

7  *Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)). Second, if the first test is met and there

8  is no evidence of malingering, "the ALJ can reject the claimant's testimony about

9  the severity of her symptoms only by offering specific, clear and convincing reasons

10  for doing so." *Smolen*, 80 F.3d at 1281.

11    The ALJ found that despite Plaintiff's statements regarding her physical

12  limitations, she "appears capable of tasks consistent with light work, as she is able to

13  take care of her personal needs, do household chores, help her children, etc." AR

14  45. The ALJ continued:

15    Mentally, she has stated that her main problem was interacting with
      others, but the limitations assessed accommodate this difficulty. While
16    she appeared to minimize her activities of daily living during her
      testimony, she has repeatedly reported that she was able to perform
17    household chores including sweeping, vacuuming, and the dishes and
      laundry, prepared meals, shopped, and got her children ready and into
18    school (on-line). She also confirmed that she was able to get along with
      authority figures and was able to follow written and spoken
19    instructions. More importantly, the claimant's record is incredibly
      minimal with very little/limited support for her alleged complaints.

20

21

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS ~ 13

AR 45.  The ALJ noted that "although [Plaintiff] alleged disability beginning

January 1, 2014, the earliest dated evidence of record is from December 2018 . . . ."

AR 45.  The ALJ found the records after December 2018 indicated mostly

unremarkable physical and mental findings and noted that an August 2019 record

"indicated that the claimant's major barrier to improvement was her unwillingness to

stick to recommended treatments and/or help herself."  AR 46.  The ALJ expanded

on that finding by noting that "[c]onsiderable time was spent discussing that her

chronic pain was likely secondary to her morbid obesity and unhealthy lifestyle."

AR 46.  The ALJ further reasoned that Plaintiff was resistant to taking

antidepressants and/or pursuing counseling after failed treatment with "Prozac,

Zoloft, Paxil and Ambien," but that Plaintiff and her partner reported that medication

had helped significantly, though Plaintiff continued to not be open to counseling

treatment.  AR 46 (citing AR 328, 333, 340, 364).

There is no dispute in this matter that Plaintiff met the first step of presenting

objective medical evidence of an underlying impairment that "could reasonably be

expected to produce the pain or other symptoms" that Plaintiff alleged.  *See Bunnell*,

947 F.2d at 344.  A claimant "need not show that her impairment could reasonably

be expected to cause the severity of the symptoms she has alleged; she need only

show that it could reasonably have caused some degree of the symptom."  *Smolen*,

80 F.3d at 1282.  Nor is malingering at issue in this appeal.  Therefore, the ALJ must

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS ~ 14

provide specific, clear, and convincing reasons, supported by substantial evidence, for rejecting Plaintiff's testimony. *See Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (internal citation omitted).

With respect to the medical record, while the ALJ reasons that the record documents unremarkable symptoms, some of the records cited by the ALJ show that Plaintiff presented at an August 6, 2019 appointment in "crisis," with her emotions "all over the place," "cursing" at the provider, and "very hostile," and, "[a]t another point, . . . hysterically crying." AR 332–33. At Plaintiff's treatment appointment approximately three weeks after she presented in crisis, Plaintiff reported that the antidepressant medications were "somewhat helpful," but the provider still described Plaintiff as having "difficulties" with depression. AR 340–41. In October 2019, Plaintiff continued to report compliance with anti-depressant medication and "feeling better" while also asserting that the medication was not helpful in relieving Plaintiff's anhedonia and difficulty being around people. AR 364. Viewing Plaintiff's treatment records in sequence, Plaintiff's argument is well taken that her subsequent report of improvement of her symptoms is only understandable in the context of the August 6 appointment. *See* ECF No. 10 at 11–12 (citing AR 330, 332, 334, 336). The Court does not find that these records provide substantial support for the ALJ's reasoning that Plaintiff presented without remarkable mental health

findings or that Plaintiff's mental health issues have been well managed by medication when Plaintiff complies with her prescribed regimen.

In addition, the Ninth Circuit has held that an ALJ errs in using a failure to seek treatment as a basis to discount a claimant's credibility regarding depression and other mental illnesses where the failure is attributable to the mental illness. *See Regenniter v. Commissioner*, 166F.3d 1294, 1299–300 (9th Cir. 1999); *see also Bustamante v. Colvin*, 599 Fed. Appx. 730, 731 (9th Cir. 2015). The ALJ found that the record supported that "Plaintiff's major barrier to improvement was her unwillingness to stick to recommended treatments and/or help herself." AR 46. However, the ALJ did not consider whether Plaintiff's resistance to counseling and/or medication is a manifestation of her mental illness, and Plaintiff cites evidence in the record indicating that it is. *See* AR 45–46; ECF No. 10 at 7–10.

With respect to daily activities, an ALJ's reasoning will be upheld if the ALJ cites to substantial evidence showing that a claimant's activities contradict her testimony or that Plaintiff has transferable work skills. *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001). Here, however, the ALJ noted that Plaintiff "appeared to minimize her activities of daily living during her testimony," without specifying how her testimony contradicted her reported daily activities in the record. AR 45. The ALJ further relied on Plaintiff's reports to providers that she can "perform household chores including sweeping, vacuum, and the dishes and laundry, prepared

1    meals, shopped, and got her children ready and into school (on-line)."  AR 47 (citing

2    AR 243–50, 350–57, 360–63).  Yet the ALJ does not explain how any of these

3    activities of daily living demonstrate that Plaintiff can sustain competitive

4    employment on a full-time basis.  *See Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th

5    Cir. 2001) ("This court has repeatedly asserted that the mere fact that a plaintiff has

6    carried on certain daily activities, such as grocery shopping, driving a car, or limited

7    walking for exercise, does not in any way detract from her credibility as to her

8    overall disability.").  Nor do the records cited by the ALJ provide substantial support

9    for finding that Plaintiff's daily activities naturally translate to an ability to perform

10   competitive work on a sustained basis.  *See* AR 244–47 (indicating that Plaintiff

11   prepares her family's meals for approximately 30-45 minutes daily, does chores for

12   approximately twenty minutes each, and watches television for five to six hours

13   daily); AR 354 (indicating that Plaintiff's partner and children help her with chores

14   and shopping); and AR 360–61 (Plaintiff reporting an ability to care for her own

15   hygiene, shop "every month," drive "weekly," and do some daily chores, with her

16   partner and children available to help).

17           Furthermore, the case to which the Commissioner cites for the proposition

18   that caring for children is among the most "physically exhausting" of activities

19   concerns a claimant who was watching neighbors' "children in addition to her own,

20   and ha[d] been coaching other young mothers regarding parenting skills.'"  *Roybal*,

21

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS ~ 17

2015 U.S. Dist. LEXIS 134959, at *10.  By contrast, Plaintiff's children were twelve and eighteen by the time of the hearing, and Plaintiff reported helping her child to the extent of waking her up and getting her a bowl of cereal before online school. AR 70–71, 78.  Plaintiff did not endorse any physically-taxing childcare activities.

Lastly, an ALJ has "a special duty to develop the record fully and fairly and ensure that the claimant's interests are considered, even when the claimant is represented by counsel." *Celaya v. Halter*, 332 F.3d 1177, 1183 (9th Cir. 2003) (internal quotation omitted). Where an ALJ does not uphold this "affirmative responsibility to develop the record," the court "cannot conclude that the ALJ's decision was based on substantial evidence . . . [when taking] the totality of [the claimant's] mental condition into account." *Alderson v. Saul*, 859 Fed. App'x 25, 27 (9th Cir. 2021) (internal quotations to *Celaya*, 332 F.3d at 1184, omitted).

Plaintiff argues that the record appears deficient because Plaintiff informed the Social Security Administration ("SSA") "that she was most recently treated at Comprehensive Mental Health (CMH) from 2016 to 2017 and her first evaluation with PA-C Aguilar was in 2017." ECF No. 10 at 7 (citing AR 231).  However, the first records from the clinic where PA-C Aguilar works are from December 2018, and that record reflects that it is a follow-up visit. *Id.* (citing AR 316).  Moreover, although the record indicates that Plaintiff had visited CMH on "numerous occasions," CMH responded to the SSA that no records for the requested period

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS ~ 18

were found, based on which Plaintiff reasonably hypothesizes that the SSA may

have requested an incorrect timeframe.  *See* AR 3, 319, 350.  Plaintiff also points out

that physical therapy treatment notes may be missing.  *See* ECF No. 12 at 4 (citing

AR 427, 392, 397).  The Commissioner does not respond to Plaintiff's arguments

regarding a failure to develop the record.  *See* ECF No. 11.  Given that the ALJ

noted Plaintiff's "incredibly minimal" longitudinal treatment record regarding her

mental illnesses in discounting Plaintiff's statements, treatment records after

Plaintiff's January 1, 2014 alleged onset date but before December 2018 may affect

the ALJ's reasoning.  *See* AR 45.

Based on the above discussion, the ALJ's decision exhibits harmful error.

Plaintiff also asserts error with respect to the ALJ's treatment of a medical source

opinion, from I. Lewis, ARNP.  ECF No. 10 at 15.  However, the Court need not

reach the ALJ's evaluation of ARNP Lewis's opinion, as reversal already is

required.

### *Remedy*

Lastly, Plaintiff asks the Court to remand her claim and credit rejected

evidence as true.  ECF No. 10 at 21.  The Commissioner counters that this "is not the

rare case in which the Court would be justified in awarding benefits because the

record contains evidentiary conflicts that preclude crediting any evidence as true,

including inconsistencies between Plaintiff's complaints and her improvement with

1    treatment, level of activity, and the mostly unremarkable objective findings."  ECF

2    No. 11 at 15 (citing AR 45–46).

3          The Court may remand a case "either for additional evidence and findings or

4    to award benefits."  *Smolen*, 80 F.3d at 1292.  When the Court reverses an ALJ's

5    decision, "the proper course, except in rare circumstances, is to remand to the

6    agency for additional investigation or explanation."  *Benecke v. Barnhart*, 379 F.3d

7    587, 595 (9th Cir. 2004) (citations omitted).  However, the Ninth Circuit created a

8    "test for determining when evidence should be credited and an immediate award of

9    benefits directed."  *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000).  The

10   Ninth Circuit has endorsed an award for benefits where:

11          (1) the ALJ has failed to provide legally sufficient reasons for
              rejecting [the claimant's] evidence, (2) there are no outstanding
12            issues that must be resolved before a determination of disability can
              be made, and (3) it is clear from the record that the ALJ would be
13            required to find the claimant disabled were such evidence credited.

14   *Smolen*, 80 F.3d at 1292.

15          In this case, the record requires supplementation, as Plaintiff argues, and the

16   current record does not compel a finding of disability if fully credited.  For instance,

17   an ALJ considering whether Plaintiff's resistance to medications or counseling is

18   attributable to her mental illnesses may conclude that resistance was merely a result

19   of Plaintiff's personal preference.  *See Bustamante*, 599 Fed. Appx. at 731 (citing

20   *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012)).  The record also indicates

21

that Plaintiff may have been noncompliant with her medication for conditions other than her mental health conditions, such as hypothyroidism.  AR 328 (August 6, 2019 record).  Therefore, the Court agrees with the Commissioner that Plaintiff's appeal does not present the rare instance where remand for award of benefits is warranted.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes that the ALJ's decision contains a legal error that requires remand for further development of the record.  Accordingly, **IT IS HEREBY ORDERED** that:

1.  Plaintiff's Motion for Summary Judgment, **ECF No. 10**, is **GRANTED IN PART** and **DENIED IN PART**.

2.  Defendant's Motion for Summary Judgment, **ECF No. 11**, is **DENIED**.

3.  The Commissioner's final decision is **REVERSED**, and this matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4.  Judgment shall be entered for Plaintiff.

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order, enter judgment as directed, provide copies to counsel, and **close the file** in this case.

**DATED** March 3, 2023.        _____*s/ Rosanna Malouf Peterson*_____
                                                ROSANNA MALOUF PETERSON
                                                Senior United States District Judge

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS ~ 21